UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACK J. GRYNBERG, et al.,

      Plaintiffs,

   - against -

BP, P.L.C.,

      Defendant.

**OPINION AND ORDER**

**06 Civ. 6494 (RJH) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On August 28, 2006, Plaintiff Jack Grynberg ("Grynberg") commenced this action against BP, p.l.c. d/b/a BP Corporation North America, Inc., individually, and as the successor in interest to ARCO International Oil and Gas Company ("ARCO"). Grynberg alleges that ARCO breached the fiduciary duty it owed to Grynberg when it used confidential information provided by Grynberg to acquire certain oil and gas related interests in the Kazakhstan portion of the Pri-Caspian Basin. (Compl. ¶ 44.) Grynberg also alleges that ARCO was unjustly enriched by its improper use of the confidential information provided by Grynberg and he seeks restitution. (*Id*. at ¶¶ 54-55.) Pending before this Court is Grynberg's request that BP produce certain documents requested pursuant to Rule 34 of the Federal Rules of Civil Procedure. For the reasons set forth below, Grynberg's request to compel production of documents is **DENIED**.

## II. BACKGROUND

Grynberg seeks documents from BP concerning two discovery issues: (1) the "discovery of documents concerning ARCO's evaluation of the Pri-Caspian Basin, including Karachaganak,

the Kazakhstan Caspian Shelf (Kashagan), and the Russian Caspian Shelf;" and (2) the discovery of "documents concerning BP's sale of Lukoil stock on January 31, 2001." (Grynberg's 8/19/2008 Letter to the Court ("Grynberg Letter") at 3, 5.) Grynberg claims that the requested documents are relevant to the claims made in the Complaint, which center upon "ARCO's alleged misuse of the trade secrets Grynberg directly provided or facilitated to ARCO regarding the Area of Mutual Interest ("AMI")." *Id* at 1. According to Grynberg, "the AMI was intended to capture the entire Kazakhstan portion of the . . . Pri-Caspian Basin." *Id.*

Grynberg claims that the documents regarding ARCO's evaluation of the entire Pri-Caspian Basin are relevant to whether ARCO improperly used confidential information obtained from Grynberg in its investment in the Tengiz oil field and the CPC Pipeline. *Id.* at 2. In addition, Grynberg contends that documents concerning BP's sale of Lukoil stock are necessary to determine the extent of the benefit that ARCO "wrongfully obtained through the misuse of Grynberg's confidential information." *Id.* at 5.

In response to Grynberg's discovery requests regarding the aforementioned issues, BP objected on the grounds of relevance and burdensomeness. (BP's 8/25/2008 Letter to the Court ("BP Letter") at 1.) BP states that production of the requested documents represents "an unreasonable effort by Plaintiffs to reach well beyond the scope of the allegations of the Complaint." *Id.* BP argues that the scope of the Complaint only alleges that BP misused confidential information provided by Grynberg regarding two specific investments within the AMI: ARCO's indirect interests in the Tengiz oil field and the CPC Pipeline. *Id.* BP asserts that ARCO's evaluation of the entire Pri-Caspian Basin is not relevant to Grynberg's claims and would be unduly burdensome. *Id.* BP also argues that documents concerning BP's sale of

Lukoil stock is not relevant to Grynberg's claims. *Id.* at 4.

## III. DISCUSSION

**A. Legal Standard**

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the claim or defense of any party or appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). However, "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Ferguson v. Lion Holding, Inc.*, 2004 WL 1216300, *2 (S.D.N.Y. Mar. 25, 2005). The Court has broad discretion in managing discovery. *Willis v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). "Generally, discovery is only limited 'when sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant' or privileged." *Chembio Diagnostic Systems, Inc. v. Saliva Diagnostics Systems,* Inc., 236 F.R.D. 129 (E.D.N.Y. July 14, 2006) (*quoting Melendez v. Greinerí, No. 01 Civ. 7888*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) (*quoting In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992))).

**B. Grynberg's Discovery Request for Documents Concerning ARCO's Evaluation of the Entire Pri-Caspian Basin, including Karachaganak, the Kazakhstan Caspian Shelf (Kashagan) and the Russian Caspian Shelf.**

Grynberg has requested BP produce "all documents concerning any inquiry, examination, investigation (informal or otherwise) by ARCO regarding the potential exploration . . . of natural resources . . . within the AMI." (Grynberg Letter at 3.) He contends that ARCO's evaluations of the entire Pri-Caspian Basin are relevant to the allegations contained in the Complaint. *Id.* at 4.

3

Grynberg asserts that the Complaint specifically alleges that "ARCO improperly used Grynberg's information and analysis regarding the entire Pri-Caspian Basin, not just the technical information Grynberg provided regarding Tengiz." *Id.* at 2. Therefore, he argues that ARCO's evaluations of the entire Pre-Caspian Basin are relevant to whether ARCO improperly used confidential information provided by him in its purchase of interests in Tengiz and the CPC Pipeline.

BP contends that Grynberg's Complaint only alleges that ARCO improperly used confidential information provided by Grynberg in regard to the investment interests ARCO acquired in the Tengiz oil field, a small specific area within the AMI, and the CPC Pipeline. It therefore has refused to produce documents regarding any potential evaluation by ARCO of other regions in the general area, whether within the AMI or not. (BP Letter at 1-2; *see also* Grynberg Letter at 4.) BP raises relevancy and burdensomeness objections to Grynberg's request for documents concerning ARCO's evaluation of the entire Pri-Caspian Basin. (BP Letter at 1.) In particular, BP argues that documents regarding ARCO's evaluation of Karachaganak, the Kazakhstan Caspian Shelf (Kashagan), and the Russian Caspian are not relevant to the allegations contained in the Complaint. *Id*. Therefore, BP argues that requests for production of records pertaining to those regions should be denied.

Based on the record before the Court, Grynberg's discovery request concerning ARCO's evaluations of the entire Pri-Caspian Basin, including Karachaganak and Greater Kashagan, is denied based on relevance. The Complaint only alleges that ARCO, during its participation in the Lukarco joint venture, improperly used confidential information provided by Grynberg to purchase interests in the Tengiz oil field and the CPC pipeline. (Compl. ¶¶ 36-40, 44.) It

4

appears that BP has provided documents regarding ARCO's evaluations of those two investments. (BP's 9/2/08 Letter to the Court.) The Complaint, however, does not specifically allege that ARCO improperly used confidential information provided by Grynberg in regard to investments in Karachaganak, Greater Kashagan or any other areas within the Pre-Caspian Basin. The Complaint merely asserts that ARCO benefitted from the confidential information provided by Grynberg because it "facilitated the favorable analysis and evaluation of Karachaganak, Greater Kashagan and Tengiz . . . which would have improved ARCO's ability to negotiate with Lukoil." (Compl. ¶ 52.) Although Grynberg argues that ARCO improperly benefitted from his confidential information in regard to its assessment of the value of the CPC pipeline, he provides little specific evidentiary support for this allegation. In the absence of evidence about the specific impact Grynberg's confidential information pertaining to areas in the Pri-Caspian Basin beyond Tengiz may have on ARCO's assessment of the value of the CPC pipeline venture, Grynberg's request for discovery regarding ARCO's evaluations of the entire Pri-Caspian Basin is **DENIED** as lacking relevance.

**C. Grynberg's Discovery Request for Documents Concerning BP's Sale of Lukoil Stock on January 31, 2001.**

Grynberg has requested BP produce "all documents concerning BP's sale of its Lukoil stock on or about January 31, 2001, for approximately $657 million, including all internal BP documents concerning evaluation and approval of this transaction." (Grynberg Letter at 5.) Grynberg asserts that ARCO's purchase of Lukoil stock was "directly tied to ARCO's desire to enter into a long term joint venture relationship with Lukoil to explore and to produce hydrocarbons from the Caspian Sea region." *Id.* Grynberg contends that the money earned as a

5

result of the sale of Lukoil stock "potentially represents a benefit wrongfully obtained through the misuse of Grynberg's confidential information." *Id.* Grynberg therefore argues that the documents concerning BP's sale of Lukoil stock are relevant to determine the extent of damages for Grynberg's claims. *Id.*

BP has refused to produce the requested documents, arguing that they are not relevant to Grynberg's claims. (BP Letter at 4.) BP contends that the Complaint fails to allege that its sale of Lukoil stock represents an element of damages to Grynberg's breach of fiduciary duty or unjust enrichment claims. *Id.* Therefore, BP argues that its sale of Lukoil stock is not discoverable by Grynberg because it is not relevant to any of the claims made in the Complaint. *Id.*

Based on the record before the Court, Grynberg's request for documents concerning BP's sale of Lukoil stock is **DENIED**. Grynberg has failed to sufficiently articulate exactly how the increase in value of the Lukoil stock, a large Russian oil company, was directly related to ARCO's improper use of confidential information in the Lukarco joint venture in Kazakhstan. Further, the scope of this request is decidedly overbroad. If the value of Lukoil stock was relevant to Grynberg's claim for damages, Grynberg has failed to provide evidence that anything more than BP's revenue from sale of the stock should be discoverable. Therefore, Grynberg's request for records related to BP's sale of Lukoil stock is **DENIED** as not relevant.

## IV. CONCLUSION

For the foregoing reasons, Grynberg's request for discovery regarding ARCO's evaluations of the entire Pri-Caspian Basin and BP's sale of Lukoil Stock is **DENIED**. Grynberg

6

has failed to provide specific evidentiary support for his assertion that the requested discovery is relevant to his claims alleging BP's improper use of Grynberg's confidential information.

**SO ORDERED this 1st day of October 2008**
**New York, New York**

*[signature: Ronald L. Ellis]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**